UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| TAMEIKA L. MCHARRIS, <br> ON BEHALF OF HERSELF AND <br> ALL OTHERS SIMILIARLY SITUATED, <br><br>　　　　　　　　　　　Plaintiff, <br>　　　v <br><br> WELTMAN, WEINBERG & REIS CO., LPA, <br> NAVIENT SOLUTIONS, INC., AND <br> SLM PRIVATE CREDIT STUDENT LOAN TRUST 2006-A <br><br>　　　　　　　　　　　Defendants. | Civil Action, File No. <br> 1:17-cv-04618-LDH-SJB |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Tameika L. McHarris [hereinafter "McHarris"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Weltman, Weinberg & Reis Co., LPA ("Weltman"), Navient Solutions, Inc. ("Navient") and SLM Private Credit Student Loan Trust 2006-A ("SLM"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Weltman possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business

and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. McHarris is a natural person residing at 386 Stuyvesant Avenue, Brooklyn, NY 11233.

6. McHarris is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about March 16, 2016, Weltman sent McHarris the letter annexed as Exhibit A. McHarris received and read Exhibit A. For the reasons set forth below, McHarris's receipt and reading of Exhibit A deprived McHarris of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Weltman sent Exhibit A to McHarris in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a student loan from the original creditor, a predecessor of SLM, for her to pay for her education, and then, as an individual, failing to pay for these charges. Weltman, via Exhibit A, attempted to collect this past due debt from McHarris in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Weltman is an Ohio Domestic Business Corporation and a New York Foreign Business Corporation.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Weltman possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon Weltman possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Weltman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, Weltman identifies itself as a "debt collector" attempting to collect a debt on behalf of SLM. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. Navient is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

16. The principal purpose of Navient is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

17. Navient is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. SLM is a Delaware Statutory Trust.

## FIRST CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

20. Exhibit A identifies Weltman as "Attorneys at Law".

21. The Fair Debt Collection Practices Act prohibits a "debt collector" such as Harris Beach from sending a "debtor" a letter such as Exhibit A if such letter misleads a "debtor" regarding meaningful "attorney" involvement in the debt collection process.

22. A letter such as Exhibit A does not mislead a "debtor" regarding meaningful "attorney" involvement in the debt collection process so long as that letter includes a disclaimer to such as the following:

> "AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT."

23. Exhibit A does contain such a disclaimer.

24. Navient issued work standards, directives, and/or guidelines to Weltman which contained instructions, controls, and rules governing the steps Weltman could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

25. All the actions alleged in this Complaint taken by Weltman were taken by Weltman as the "debt collector" for the "debt collector" Navient and/or as the attorney and/or agent for the "debt collector" Navient.

26. Based on the allegations in the above two paragraphs, Navient is vicariously liable for the actions of Weltman.

27. Based on the above, Weltman and Navient violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(3), and 15 USC 1692e(10) as a result of Exhibit A being sent to McHarris.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

29. Exhibit A set forth a "Balance Due" of $9,645.45.

30. Any "Balance Due" resulted from an agreement between McHarris and the original creditor, a predecessor of SLM; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

31. Exhibit A sets forth that $1,612.49 in interest has been charged since charge-off. Per Exhibit A, this $1,612.49 makes up part of the "Balance Due" of $9,645.45. Based on the above facts and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to SLM on any "Balance Due" due but unpaid to SLM.

32. The right to collect from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by SLM, or any assignee or successor-in-interest of SLM, as a result of a failure by either SLM or any assignee or successor-in-interest of SLM at any point in time to attempt to collect from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

33. On the date of Exhibit A, neither Weltman, Navient, nor SLM may have had any intention of seeking from McHarris the aforementioned accrued interest, late charges,

and/or other charges in addition to any "Balance Due". However, at any time after the date of Exhibit A, SLM had the right to instruct Weltman or Navient to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due". In the alternative, at any time after the date of Exhibit A, SLM had the right to recall McHarris's account from Weltman or Navient. If such a recall occurred, neither Weltman nor Navient would know whether or not SLM would exercise its aforementioned right to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due". Also, if such a recall occurred, neither Weltman nor Navient would know whether or not SLM would sell McHarris's debt to a party who then would exercise the aforementioned right to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

34. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from McHarris and/or the "Balance Due" sought from McHarris may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A did not explain whether interest, or new fees or costs are accruing; and Exhibit A did not set forth what McHarris would need to pay to resolve the debt at any given moment in the future, and did not set forth an explanation of any fees and interest that would cause the "Balance Due" of $9,645.45 to increase.

35. For the above reasons, Exhibit A did not set forth the amount of the "debt". Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

36. Navient issued work standards, directives, and/or guidelines to Weltman which contained

instructions, controls, and rules governing the steps Weltman could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

37. All the actions alleged in this Complaint taken by Weltman were taken by Weltman as the "debt collector" for the "debt collector" Navient and/or as the attorney and/or agent for the "debt collector" Navient.

38. Based on the allegations in the above two paragraphs, Navient is vicariously liable for the actions of Weltman.

39. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) by sending Exhibit A to McHarris.

### THIRD CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

41. Exhibit A set forth a "Balance Due" of $9,645.45.

42. Any "Balance Due" resulted from an agreement between McHarris and the original creditor, a predecessor of SLM; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

43. Exhibit A sets forth that $1,612.49 in interest has been charged since charge-off. Per Exhibit A, this $1,612.49 makes up part of the "Balance Due" of $9,645.45. Based on the above facts and pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to SLM on any "Balance Due" due but unpaid to SLM.

44. The right to collect from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by SLM, or any

assignee or successor-in-interest of SLM, as a result of a failure by either SLM or any assignee or successor-in-interest of SLM at any point in time to attempt to collect from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

45. On the date of Exhibit A, neither Weltman, Navient, nor SLM may have had any intention of seeking from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due". However, at any time after the date of Exhibit A, SLM had the right to instruct Weltman or Navient to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due". In the alternative, at any time after the date of Exhibit A, SLM had the right to recall McHarris's account from Weltman or Navient. If such a recall occurred, neither Weltman nor Navient would know whether or not SLM would exercise its aforementioned right to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due". Also, if such a recall occurred, neither Weltman nor Navient would know whether or not SLM would sell McHarris's debt to a party who then would exercise the aforementioned right to seek from McHarris the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

46. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from McHarris and/or the "Balance Due" sought from McHarris may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A failed to notify McHarris that her "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

47. Navient issued work standards, directives, and/or guidelines to Weltman which contained instructions, controls, and rules governing the steps Weltman could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

48. All the actions alleged in this Complaint taken by Weltman were taken by Weltman as the "debt collector" for the "debt collector" Navient and/or as the attorney and/or agent for the "debt collector" Navient.

49. Based on the allegations in the above two paragraphs, Navient is vicariously liable for the actions of Weltman.

50. For the above reasons, as a result of the aforementioned omission from Exhibit A, Weltman and Navient violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to McHarris.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

52. Exhibit A sets forth a "Balance Due" of $9,645.45.

53. Exhibit A does not set forth that the "Balance Due" of $9,645.45 may increase due to interest, late charges, and/or other charges.

54. Since Exhibit A does not set forth that the "Balance Due" of $9,645.45 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Balance Due" of $9,645.45 was static and that their payment of $$9,645.45 would satisfy the debt irrespective of when the payment was remitted.

55. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

56. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

57. McHarris owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

58. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

59. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, SLM had a guaranteed right to interest on the "Balance Due" of $9,645.45 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), Leroy Callender, P.C. v. Fieldman, 676 N.Y.S.2d 152,154, 252 A.D.2d 468 (N. Y. A. D. 1 Dept., 1998), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

60. Based on the above, the "Balance Due" of $9,645.45 set forth in Exhibit A was not static. Instead, interest was in fact accruing and owed on the "Balance Due" of $9,645.45 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

61. Based on the above, at any time after the date of Exhibit A, SLM had the right to recall McHarris's account from Weltman or Navient; and subsequently, SLM could take the required actions to seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance Due" of $9,645.45 set forth in Exhibit A was paid.

62. In the alternative, at any time after the date of Exhibit A, SLM had the right to recall McHarris's account from Weltman; and subsequently, SLM could have sold McHarris's debt to a third party and based on the above such third party could take the required actions to seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $9,645.45 set forth in Exhibit A was paid.

63. For the above reasons, at any time after the date of Exhibit A, the "Balance Due" from McHarris and/or the "Balance Due" sought from McHarris may have increased due to the aforementioned accrued interest.

64. Navient issued work standards, directives, and/or guidelines to Weltman which contained instructions, controls, and rules governing the steps Weltman could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

65. All the actions alleged in this Complaint taken by Weltman were taken by Weltman as the "debt collector" for the "debt collector" Navient and/or as the attorney and/or agent for the "debt collector" Navient.

66. Based on the allegations in the above two paragraphs, Navient is vicariously liable for the actions of Weltman.

67. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $9,645.45 may increase due to interest, Weltman and Navient violated 15 USC § 1692e and 15 USC § 1692g(a)(1) by sending Exhibit A to McHarris.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

68. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

69. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

70. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-18 of this Complaint.

71. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## SEVENTH CAUSE OF ACTION-CLASS CLAIM

72. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-69 of this Complaint.

73. For the reasons set forth in the above causes of action, the aforementioned omissions were deceptive or misleading.

74. The above omissions are consumer oriented for the following reasons:

    a. They were directed at Plaintiff;

    b. Plaintiff is a consumer; and

    c. The conduct at issue against Plaintiff, a consumer, affected or had the potential to affect similarly situated consumers; and

    d. Defendants regularly attempt to collect student loans from hundreds or thousands of consumers. Upon information and belief, the same or similar

omissions and violations of the FDCPA were directed at numerous numbers of these consumers.

75. Plaintiff suffered injuries as a result of the deceptive or misleading omissions including but not limited to the aforementioned violations of her rights under the FDCPA.

76. Navient on behalf of and as the agent for SLM issued work standards, directives, and/or guidelines to Weltman which contained instructions, controls, and rules governing the steps Weltman could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

77. All the actions alleged in this Complaint taken by Weltman were taken by Weltman as the "debt collector" for the "debt collector" Navient and/or as the attorney and/or agent for the "debt collector" Navient.

78. Based on the allegations in the above two paragraphs, Navient is vicariously liable for the actions of Weltman.

79. SLM directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of SLM. All the actions alleged in this Complaint were taken by Weltman as the attorney and/or agent for SLM. Navient is the agent for SLM. For the above reasons, SLM is vicariously liable for the actions of Weltman and Navient.

80. In light of the facts set forth above, each of the omissions and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

81. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

82. The class consist of (a) all natural persons (b) who received a letter from Weltman dated between March 16, 2016 and the present to collect a past due debt (c) in a form materially identical or substantially similar to Exhibit A.

83. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

84. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

85. The predominant common question is whether Defendant's letters violate the FDCPA.

86. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

87. A class action is the superior means of adjudicating this dispute.

88. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      October 15, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107